UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
01 SEP 20 PM 12:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 20 2001

| | |
|---|---|
| TERRAL DEVON WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. CV-01-S-1620-E |
| ) | |
| WARDEN RON WILEY and the ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

This action is before the court upon a petition for writ of habeas corpus filed by Terral Devon Williams pursuant to 28 U.S.C. § 2241. Petitioner subsequently filed a motion for an award of 43 days jail credit pursuant to 18 U.S.C. § 3585, and, a motion requesting that review of this action be expedited because, if he is awarded the jail credit requested, he will be entitled to release from federal custody. A magistrate judge of this court ordered respondents to file a written response to petitioner's claims, and show cause why the relief requested should not be granted. Respondents filed their response on August 22, 2001 (doc. no. 12), and petitioner replied on August 28, 2001, asserting that "the Government misapprehends the holding in *United States v. Harris*, 876 F.2d 1503 [sic: 1502] [(11th Cir. 1989)]." (Doc. no. 13, at 1.) The respondents replied to petitioner's reply (doc. no. 14), and petitioner then filed a motion asking the court "to strike from the record the Government's Response to Petitioner's Traverse," and, to transfer this action to the United States District Court for the Middle District of Florida, where petitioner currently is incarcerated. (Doc. no. 15.)

-1-

18

## I. BACKGROUND

Petitioner was convicted on July 29, 1999, in the United States District Court for the Middle District of Florida, of bank fraud and unlawful use of a social security number. He was sentenced to 37 months custody. He also was convicted at that same time on another count of bank fraud. He was sentenced to an additional nine months custody, to be served concurrently with the 37 months on the other charges. Following an appeal to the Eleventh Circuit, his sentence was reduced to 27 months custody by an order dated April 27, 2001. Petitioner has a projected good conduct release date of October 10, 2001.

## II. DISCUSSION

Petitioner contends that the Bureau of Prisons has improperly denied him credit for the period from February 16, 1999, the date his presentence report states he was arrested by United States Marshals, through April 1, 1999, the date he was released on an unsecured bond.[1] Petitioner alleges that he is due 43 days of jail credit towards satisfaction of his concurrent sentences, and that, if such credit is awarded, it would result in his immediate release.[2] In support of his claim, petitioner cites *United States v. Harris*, 876 F.2d 1502, 1506 (11th Cir.), *cert. denied*, 493 U.S. 1005, 110 S. Ct. 569, 107 L. Ed. 2d 563 (1989), and *Bloomgren v. Belaski*, 948 F.2d 688 (10th Cir. 1991). Respondents contend that petitioner is not entitled to credit for the contested period, because he was not in federal custody. They cite 18 U.S.C. § 3585 in support of their position.[3]

---

[1] Counsel for the respondents notes that petitioner's "Individual Custody and Detention Report" shows that he was released on bond on March 3, 1999, *not* April 1, 1999. *See* doc. no. 12, at 2. This difference is not significant under the circumstances.

[2] Doc. no. 1, at 4. In petitioner's most recent filings, however, he asserts — for the first time — that he is entitled to *147* days of jail credit. *See* doc. no. 13, at 5.

[3] 18 U.S.C. § 3585 provides:

 (a) **Commencement of sentence.**— A sentence to a term of imprisonment commences on

The record clearly demonstrates that on February 16, 1999, petitioner was serving a 12-month state sentence in Duval County, Florida. He was removed to federal custody on that day pursuant to a federal writ of *habeas corpus ad prosequendum,* to answer his federal charges. He was returned to state custody the same day. He was again placed in the physical custody of federal authorities on March 30, 1999: the date on which he entered pleas of guilty to federal charges. A bond was established for him as well. He was returned to state custody for completion of his state sentence. He fulfilled the requirements of his state sentence on April 27, 1999. He then was released on his federal bond.

Although petitioner's presentence report incorrectly reflects that he was arrested by United States Marshals on February 16, 1999, and released on April 1, 1999, that does not change the fact that petitioner was serving a state sentence during the contested period. His state sentence was not completed until his release on April 27, 1999.

In *Harris*, the petitioner sought credit for time spent in pre-trial detention in state court. The Eleventh Circuit held:

> Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement "was exclusively the product of such action by Federal law-enforcement officials [so] as to justify treating the State jail as the practical equivalent of a Federal one. *Davis v.*

---

the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

    **(b) Credit for prior custody.**— A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

        (1)    as a result of the offense for which the sentence was imposed; or

        (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

*Attorney General*, 5 Cir., 1970, 425 F.2d 238."

876 F.2d at 1506-07 (quoting *Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir. 1971)[4]) (bracketed alteration in original). Clearly, the Eleventh Circuit places the burden of proof upon a federal prisoner claiming credit for time served in a state jail or penitentiary, and petitioner has not shouldered that burden in the present action.

The Eleventh Circuit also held in *Harris* that:

> A defendant is entitled to credit toward the service of a term of imprisonment for time spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed—that has not been credited against another sentence. 18 U.S.C. § 3585(b).

*Harris*, 876 F.2d at 1506. Here, the evidence establishes that petitioner was not in federal custody during the contested period, in the sense required to entitle him to any credit on his federal sentences. He simply was "on loan" to federal authorities, and he remained in state custody. *See Causey v. Civilette*, 621 F.2d 691, 693 (5th Cir. 1980).[5] Additionally, even if the state sentence petitioner was serving is related to the federal offenses of conviction, he still is not entitled to any additional jail credit because he has received such credit on the state charges. Section 3585(b) allows credit only when the time "has not been credited against another sentence." 18 U.S.C. § 3585(b); *see also Vignera v. Attorney General of the United States*, 455 F.2d 637, 638 (5th Cir. 1972). That circumstance is not present in this case.[6]

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[5] The court agrees with respondents that this case is controlling, even though it was decided under 18 U.S.C. § 3568: the predecessor statute to § 3585.

[6] The petitioner mistakenly relies on *Bloomgren v. Belaski*, 948 F.2d 688 (10th Cir. 1991). In that case, the Tenth circuit discussed the effect of a federal detainer on a person in state custody under an otherwise bailable state offense. The court stated that federal authorities should have the burden of establishing that the filing of the detainer was

This court has addressed the merits of petitioner's claims, because a transfer of the action to the United States District Court for the Middle District of Florida at this late date would not afford the transferee court sufficient time to review his claims. Additionally, petitioner and counsel for respondents have provided this court with all information necessary to render a decision. Accordingly, the motion to transfer will be denied.

### III. CONCLUSION

Upon full consideration of all pleadings, this court concludes that: (1) petitioner's motion for expedited review is due to be granted; (2) his motion to strike respondents' reply and to transfer is due to be denied; (3) his petition for a writ of habeas corpus is due to be denied; and (4) his motion for credit for time served is due to be denied.

An appropriate order will be entered contemporaneously herewith.

DONE this 20th day of September, 2001.

*[signature]*
United States District Judge

---

irrelevant to the inmate's continued pretrial custody on the state offense.
  That is not the situation in the present action, the petitioner was not in state pretrial detention. *Bloomgren* therefore is inapposite. Additionally, respondents have demonstrated an independent basis for the petitioner's continued state incarceration — he had not completed service of his state sentence.
  To the extent petitioner belatedly asserts in his retort to the reply of the defendants that he really is entitled to 147 days credit, because his original arrest was a consequence of the actions of federal law enforcement agents, the court determines that this assertion is without merit. There is no indication that petitioner has not received credit for the time he served on his state sentence. To the extent petitioner also belatedly asserts that respondents violated the Interstate Agreement on Detainers Act (18 U.S.C. App. 2), he fails to provide any facts or authorities demonstrating entitlement to relief.
  Respondents also note that petitioner has submitted an expired Bureau of Prisons Operations Memorandum with his petition. *See* doc. no. 1, Attachment. They argue that it is inapplicable to petitioner's situation. *See* doc. no. 12, at 7. The court agrees. The memorandum applied to inmates serving concurrent sentences. That is not petitioner's situation. Accordingly, petitioner is not entitled to any relief under this expired memorandum.